IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ROSS P. BAILEY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action Number 3:09cv600

## **MEMORANDUM OPINION**

This matter is before the Court on the Defendant's motion to dismiss the action and the *pro se* Plaintiff's motion for emergency retraining order, motion for mandatory injunction, motion for the court to appoint a special prosecutor, and motion for judgment. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) – for lack of subject matter jurisdiction, specifically for lack of standing and because the claim is barred by sovereign immunity. Alternatively, Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth herein, the Court will grant the motion to dismiss pursuant to Rule 12(b)(1). Finding itself without jurisdiction over the subject matter of this case, the Court will not address the Defendant's alternative grounds for dismissal.[1] The Court will dispense with oral argument because the facts and legal contentions are

---

[1] Even if the Court had subject matter jurisdiction, the Court would dismiss Plaintiff's Complaint because it fails to state a claim upon which relief may be granted. Among other deficiencies, the Complaint does not state any viable legal theory on which the request that the Court "nullify" the use of the term "person of interest" is based.

adequately presented in the materials presently before the Court and argument would not aid in the decisional process.

## I. Background

Plaintiff Ross P. Bailey ("Plaintiff" or "Bailey"), proceeding *pro se*, filed a Complaint against the United States of America ("Defendant" or "United States") asking the Court to "nullify" on Constitutional grounds the "legal designation/term of 'Person of Interest' by all government personnel." Compl. p. 1. The Complaint alleges that use of the "Person of Interest" term has resulted in the creation of "unconstitutional 'blacklists' to subvert the constitutional designation of 'suspect' thereby also subverting all constitutional safeguards and protections guaranteed to U.S. citizens by the United States Constitution." Compl. p. 2. It further alleges that there are at least 400,000 and "more likely" millions of Americans "currently on various 'watch lists' that have been harmed or even killed [directly or indirectly] by this unconstitutional blacklisting practice." *Id.* The Complaint states that the allegations are based on "documented public news accounts." *Id.* The Complaint does not allege that Plaintiff has personally been designated as a "person of interest" or placed on a "watch list," nor does it allege that Plaintiff has personally suffered any harm as a result of the use of the term "person of interest" or the creation of "watch lists." The Complaint does not allege the specific person, agency, or branch within the government that is using the term "person of interest" or creating and maintaining the "watch lists."

## II. Legal Standard

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). Federal Rule

of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel. Wilson v. Fairfax County Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). Under Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists in federal court. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Court should grant a Rule 12(b)(1) motion if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1999). "Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." *Atlantigas Corp. v. Columbia Gas Transmission Corp.*, 210 Fed. Appx. 244, 247 (4th Cir. 2006) (citations omitted). "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Where sovereign immunity bars the claim, the court lacks subject matter jurisdiction and must dismiss the case. *Kramer v. United States*, 843 F. Supp. 1066, 1068 (E.D. Va. 1994) (citing *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir.1993) (per curiam)). *See also Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) ("The United States, as sovereign, is immune from suit save as it consents to be sued. [The plaintiff] bears the burden of establishing subject matter jurisdiction of the court over his claim.") (internal citations and quotations omitted); *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) ("A party bringing a cause of action against the federal government bears the burden of showing an

unequivocal waiver of immunity.") (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984)).

### III. Analysis

The Defendant argues that Plaintiff lacks both Article III and prudential standing. There are two strands of standing jurisprudence that limit a court's jurisdiction: "Article III standing, which enforces the Constitution's case-or-controversy requirement; and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Newdow*, 542 U.S. at 11 (citations and quotations omitted).

In order to show that a case or controversy exists for purposes of Article III standing, a plaintiff must show that: (1) he has been injured in fact; (2) the injury was caused by the illegal conduct of the defendant; and (3) the injury is likely to be redressed by a favorable decision. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-104 (1998). If a plaintiff is able to show that he has met these three requirements, then he has satisfied the core of Article III's case-or-controversy requirement. *Id.* at 104.

In response to the motion to dismiss, Plaintiff argues that he "does possess 'legal standing' based on the preponderance of the evidence . . . which does give the U.S. District Court the required subject matter jurisdiction not only to hear this case but to overturn unconstitutional legislation enacted by Congress or any other legislature in the United States." He argues that because the principle of checks and balances requires the judiciary to overturn unconstitutional legislation, the Court must hear his case, pursuant to this Court's duty to "check and balance " the other branches of government. With his response, Plaintiff submitted a document entitled "Declaration of Legal Standing." In this document, Plaintiff claims that he has been "targeted" because of letters he has

4

written to his state and federal representatives. He also claims that the Court could "subpoena records" from the more than twenty-five various agencies he has listed in the Declaration and that "would likely provide solid evidence . . . that proves my legal standing." He claims that he "was harassed in traffic by 20+ vehicles simultaneously," that "his 'photography business' was destroyed," and that he was physically assaulted by persons associated with an "alleged front company, 'Balducci Realty.'" There are other claims involving Karl Rove and Condoleezza Rice. Despite these allegations, Plaintiff "merely wants to 'nullify' unconstitutional laws and practices that never should have been enacted into legislation in the first place [under Article Six - Section Two] to deter these constitutional and "Color of Law" crimes and abuses in the future for other citizens."

Plaintiff is unable to establish that he satisfies the three requirements for Article III standing. Plaintiff's Complaint does not allege that he has been personally harmed by the use of the term "person of interest" or the alleged creation of "watch lists." Nor has Plaintiff established that the use of that term or the creation of a "watch list" is illegal. Further, Plaintiff's Complaint does not establish any link between any purported injury, since none is claimed, and the Court's ability to address that injury. Moreover, his "Declaration of Legal Standing" does not cure these deficiencies. The Declaration does not amend the Complaint, nor has Plaintiff sought leave to file an amended complaint. The rambling allegations in the Declaration have nothing to do with the Complaint which asks the Court to "nullify" on Constitutional grounds the "legal designation/term of 'Person of Interest' by all government personnel" and which complains about "watch lists." For these reasons, Plaintiff lacks Article III standing.

Plaintiff also lacks prudential standing. Prudential standing "encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of

5

generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" *Newdow*, 542 U.S. at 12 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). The allegations in Plaintiff's Complaint are exactly the type of "generalized grievances more appropriately addressed in the representative branches." *Id.* Nor do the allegations in his "Declaration of Legal Standing" satisfy the requirement for prudential standing. Accordingly, Plaintiff lacks prudential standing to pursue his claim in this Court.

As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Any waiver of sovereign immunity must be explicit and strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34-35 (1992). It is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim. *Welch*, 409 F.3d at 651. If the plaintiff fails to meet this burden, then the claim must be dismissed. *Id.*

Plaintiff has not alleged a waiver of sovereign immunity by the Defendant. In his response, Plaintiff argues that "'Sovereign Immunity' only protects government personnel that are performing constitutional and official duties in order to hold their positions of public trust with authority over regular Americans – as opposed to 'Color of Law' violations which are the oppositite of official duties." It is not clear if Plaintiff is attempting to assert an individual Constitutional claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) as he has not alleged that he has suffered any personal Constitutional violation. However, even if he were attempting to do so, such an attempt would fail as the United States has never waived sovereign immunity for itself or

its agencies for *Bivens* violations. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994). As Plaintiff has not cited any statute showing an unequivocal waiver of sovereignty, the Court finds that Plaintiff has failed to meet his burden and that the doctrine of sovereign immunity bars Plaintiff's suit.

There are no material jurisdictional facts in dispute, and Defendant is entitled to prevail as a matter of law because, standing alone and taken as true, Plaintiff's allegations have not pleaded jurisdiction. Plaintiff lacks standing, and Plaintiff has failed to show that an unequivocal waiver of sovereign immunity exists in this case. The Court finds, therefore, that Plaintiff failed to meet his burden of proving that subject matter jurisdiction exists in this Court. Accordingly, the Court will grant Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

October 5, 2010  /s/
DATE  RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE